GERALD AND BONNIE MOORE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moore v. Commissioner
Docket No. 9491-90
United States Tax Court
T.C. Memo 1991-631; 1991 Tax Ct. Memo LEXIS 679; 62 T.C.M. (CCH) 1566; T.C.M. (RIA) 91631; December 19, 1991, Filed *679 Deborah C. Stanley, for respondent. WELLS, Judge. WELLS
MEMORANDUM OPINION This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent seeks a dismissal on the ground that the petition was not filed within the time prescribed by sections 6213(a) and 7502. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. By Order of the Court petitioners were directed to file their objection, if any, to the instant motion, but no objection was filed by petitioners. The instant case is set for trial at the February 10, 1992, Richmond, Virginia, Trial Session. According to the petition in the instant case, petitioners resided in Orem, Utah, when the petition was filed. Respondent contends that his motion should be granted because the petition was filed more than 90 days after the notice of deficiency was mailed. Respondent asserts that on August 28, 1985, he issued a notice of deficiency to petitioners for the taxable years in issue addressed to them in the United States at their last known address. Attached to respondent's motion was a certified copy of a completed Application *680 for Registration or Certification, United States Postal Service Form 3877, indicating that the notice of deficiency was sent by certified mail to petitioners on such date. In , we noted that Form 3877 represents direct evidence of the mailing of a notice of deficiency. Essential to the right to maintain an action in this Court is a timely filed petition. ; . For a notice of deficiency addressed to a person in the United States, section 6213(a) limits the time for filing a petition in this Court to 90 days from the date of such notice is mailed. The petition in the instant case was filed on May 14, 1990, 4 years and 201 days after the mailing of the notice of deficiency. The 90 day period for filing a timely petition expired on November 26, 1985, which was not a legal holiday in the District of Columbia. Based on the foregoing, we hold that the petition was not timely filed. Accordingly, we have no jurisdiction in the instant case and will therefore grant respondent's motion. To *681 reflect the foregoing, An appropriate order will be entered.